UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| VICTOR OVCHINNIKOV, | Case No. C07-1428-MJP-JPD |
| Petitioner, | |
| v. | ORDER OF DISMISSAL |
| NEIL CLARK, et al., | |
| Respondents. | |

The Court, having reviewed Petitioner's 28 U.S.C. § 2241 petition (Dkt. No. 1) and all papers and exhibits in support and opposition to that petition, the Report and Recommendation of the Honorable James P. Donohue (Dkt. No. 13), United States Magistrate Judge, Petitioner's objections to the Recommendation (Dkt. No. 14), Respondents' response to those objections (Dkt. No. 15) and Petitioner's Reply (Dkt. No. 16), finds and ORDERS as follows:

(1) The Court adopts the Report and Recommendation and incorporates it by reference. The Supreme Court has specifically recognized that "[d]etention during removal proceedings is a constitutionally permissible part of that process," even where, as here, there has been no individualized determination as to the alien's risk of flight and dangerousness to the community. Demore v. Kim, 538 U.S. 510, 531, 123 S.Ct. 1708 (2003). Kim distinguished a valid detention from the detention at issue in Zadvydas v. Davis, 533 U.S. 678, 121 S.Ct. 2491 (2001), noting that in Zadvydas, "removal was no longer practically attainable" and that "the period of detention at issue in Zadvydas was 'indefinite' and 'potentially permanent.'" 538 U.S. at 527-28. Mr. Ovchinnikov has made no such showing. Mr. Ovchinnikov has a right to appeal the Immigration Judge's determination of his status as deportable, and his detention will

ORDER — 1

definitively end once he has exhausted the process of judicial review.

Further, although the Ninth Circuit has determined that aliens may only be mandatorily detained under INA § 236(c) during an "expedited period," Mr. Ovchinnikov has made no showing that his removal proceedings have not been expeditious. See Tijani v. Willis, 430 F.3d 1241, 1242 (9th Cir. 2005). Unlike the petitioner in Tijani v. Willis, who was detained for over two and a half years before his appeal of his removal order, Mr. Ovchinnikov's administrative process has taken 12 months to date. While his detention has been lengthy, its length is attributable the petitioner's own motions, continuances, and appeal of the Immigration Judge's decision to the BIA. Indeed, the record shows that the petitioner has had extensive process, and there is no showing that the government has caused any unreasonable delay.

(3)   Petitioner's § 2241 petition is DENIED, and this action is DISMISSED with prejudice, and

(4)   The Clerk is directed to send copies of this Order to the parties and to Judge Donohue.

Dated: February 25th, 2008.

                      /s/ Marsha J. Pechman
                      Marsha J. Pechman
                      United States District Judge

ORDER — 2